

FILED

MAY 15 2019

Clerk, U.S. District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| TRAVIS CLINTON RHETT PLANTIKO,<br><br>Petitioner,<br><br>vs.<br><br>MONTANA STATE PRISON, DEPARTMENT OF CORRECTIONS, 2019 MONTANA COURTS,<br><br>Defendants. | CV 19-29-M-DLC-JCL<br><br><br>FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

On February 8, 2019, Travis Clinton Rhett Plantiko filed a Writ of Habeas Corpus with this Court. Mr. Plantiko's petition was not filed on the Court's standard form and his claims were difficult to follow. Additionally, Mr. Plantiko did not pay the filing fee nor did he submit a motion to proceed in forma pauperis. Mr. Plantiko was provided with the Court's standard Amended Petition form along with an application to proceed in forma pauperis.

Mr. Plantiko was directed to either complete and return the court's in forma pauperis form along with a copy of his inmate trust account statement or pay the requisite filing fee. (Doc. 2 at 2). Mr. Plantiko was also directed to clarify his

1

claims and submit an Amended Petition. *Id.* at 2-3. Mr. Plantiko was informed that if he failed to comply with the Court's order, the matter would be dismissed. *Id.* at 3. Mr. Plantiko has not complied. Based upon Mr. Plantiko's failure to comply, this matter should be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

This Court has the inherent power to achieve the orderly and expeditious disposition of cases by dismissing actions pursuant to Fed. R. Civ.P. 41(b) for failure to prosecute and failure to comply with court orders. *Link v. Wabash Railroad Co.*, 370 U.S. 626, 633 (1962); see also *Pagtalunan v. Galaza*, 291 F. 3d 639, 640 (9th Cir. 2002), cert. denied, 538 U.S. 909 (2003)(affirming dismissal of § 2254 habeas petition because of petitioner's failure to comply with court orders). Because dismissal is a harsh penalty, the Court must weigh the following five factors when considering whether to dismiss for failure to comply with Court orders: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants/respondents; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Pagtalunan,* 291 F. 3d at 642.

"The public's interest in expeditious resolution of litigation always favors

dismissal." *Yourish v. California Amplifier*, 191 F. 3d 983, 990 (9th Cir. 1999). Given Plantiko's failure to comply with the Court's order and to participate in his case, this factor weighs in favor of dismissal.

Likewise, the second factor supports dismissal. "The trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest." *Pagtalunan*, 291 F. 3d at 642. The Court cannot manage its docket if Mr. Plantiko refuses to comply with the Court's orders. Mr. Plantiko's case has consumed time that could have been spent on other cases on the docket. Therefore, this factor favors dismissal.

The third factor requires the Court to weigh the risk of prejudice to the Respondents. In some cases "the failure to prosecute diligently is sufficient by itself to justify a dismissal, even in the absence of a showing of actual prejudice to the defendant." *In re Eisen*, 31 F. 3d 1447, 1452-53 (9th Cir. 1994). Because Plantiko has not attempted to comply with this Court's order or provided a basis for his failure to respond in a diligent manner, the prejudice element also favors dismissal.

The Court has considered less drastic alternatives. Alternatives may include "allowing further amended complaints, allowing additional time, or insisting that appellant associate experienced counsel." *Nevijel v. North Coast Life Insurance*

3

*Co.*, 651 F. 2d 671, 674 (9th Cir. 1981). Although less drastic alternatives to dismissal should be considered, the Court is not required to exhaust all such alternatives prior to dismissal. *Id.* Mr. Plantiko was made aware of his obligation and afforded the opportunity to comply. (Doc. 2). Mr. Plantiko has not responded, thus, the Court can envision no further alternatives to dismissal.

The last factor weighs against dismissal because public policy favors disposition of cases on their merits. *Hernandez v. City of El Monte,* 138 F. 3d 393, 399 (9th Cir. 1998). But in light of the other four factors favoring dismissal, the Court finds that this matter should be dismissed for Plantiko's failure to comply with the Court's order.

Based upon the foregoing, the Court issues the following:

### RECOMMENDATION

1. This matter should be DISMISSED pursuant to Rule 41(b) fo the Federal Rules of Civil Procedure.

2. The Clerk of Court should be directed to enter by separate document a judgment in favor of Respondents and against Petitioner.

3. A certificate of appealability should be DENIED.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Plantiko may object to this Findings and Recommendation within 14 days. 28 U.S.C. § 636(b)(1).[1] Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Mr. Plantiko must immediately notify the Court of any change in his mailing address by filing a "Notice of Change of Address."</u> Failure to do so may result in dismissal of his case without notice to him.

DATED this 15th day of May, 2019.

/s/ Jeremiah C. Lynch
Jeremiah C. Lynch
United States Magistrate Judge

---

[1] Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C)(mail)...3 days are added after the period would otherwise expire under Rule 6(a)." Therefore, since Plantiko is being served by mail, he is entitled to an additional three (3) days after the period would otherwise expire.